# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2993

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Toni Louise Hitchcock, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2010
Filed: March 29, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Toni Hitchcock challenges the 168-month sentence the district court[1] imposed after she pleaded guilty to a drug offense. Her counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in refusing to vary downward to the 120-month mandatory minimum sentence.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

We will enforce the appeal waiver in this case. This appeal falls within the scope of the waiver contained in Hitchcock's plea agreement, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest that a miscarriage of justice would result from enforcing the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court will enforce appeal waiver in plea agreement when appeal falls within scope of waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and enforcing waiver would not result in miscarriage of justice).

Furthermore, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no non-frivolous issues beyond the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____